JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Boris Nikolaevsky | LA Fitness and LA Fitness International, LLC |

**(b)** County of Residence of First Listed Plaintiff   Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Orange County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark Yurovsky, Greg Promushkin, P.C., 9637 Bustleton Avenue, Philadelphia, PA 19115

Attorneys *(If Known)*
Norman W. Briggs, Esquire, Briggs Law Office, LLC, 400 Market Street, Suite 730, Philadelphia, PA 19106, 215-925-4632

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28, United Stated Code, Section 1441

Brief description of cause:
Court action is between citizens of different states, USDC has original jurisdiction by virtue of diversity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE ___   DOCKET NUMBER ___

DATE
08/29/2012

SIGNATURE OF ATTORNEY OF RECORD
Norman W. Briggs, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #___   AMOUNT___   APPLYING IFP___   JUDGE___   MAG. JUDGE___



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

BORIS NIKOLAEVSKY                        :          CIVIL ACTION

          v.                              :

LA FITNESS, et al                        :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

_8/39/12_          NORMAN W. BRIGGS          _[signature]_
_____          _____          _____
**Date**                     **Attorney-at-law**          **Attorney for** Defendants Fitness
                                                           International, LLC, et al
215-925-4632          215-925-1611          nbriggs@thebriggslaw.com
_____          _____          _____
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02



AUG 3 ...

PBT

12-CV-5022

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Boris Nikolaevsky, 237 Jacksonville Road, Apartment 83D, Hatboro, PA 19040

Address of Defendant: Fitness International, LLC, 3161 Michelson Blvd, Suite 600, Irvine, CA 92612

Place of Accident, Incident or Transaction: LA Fitness (Health Club), 599 Paul Valley Road, Warrington, PA 18976

*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☒  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) _____

AUG 31 2012

ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Norman W. Briggs _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/29/12          Attorney-at-Law   Norman W. Briggs          60940
                                                                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/29/12          Attorney-at-Law   Norman W. Briggs          60940
                                                                    Attorney I.D.#

CIV. 609 (5/2012)

$350.⁰⁰
PBT

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

AUG 3 1 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

BORIS NIKOLAEVSKY,                              :
237 Jacksonville Road, Apt. 83D                 :
Hatboro, PA 19040                               :
                              Plaintiff(s)      :      **12    5022**
                                                :
vs.                                             :
                                                :
LA FITNESS INTERNATIONAL, LLC,                  :
d/b/a LA FITNESS SPORTS CLUB                    :
2600 Michelson Drive, Suite 300                 :
Irvine, CA 92612,                               :
                                                :
LA FITNESS SPORTS CLUB                          :
2020 County Line Road                           :
Huntingdon Valley, PA 19006                     :

                              Defendant(s)

---

**TO:    THE CLERK AND THE HONORABLE JUDGES OF THE UNITED
        STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
        PENNSYLVANIA**

Defendant, Fitness International, LLC (formerly known as "LA Fitness International, LLC") d/b/a LA Fitness Sports Club ("LA Fitness") hereby files the Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Pennsylvania, from the Court of Common Pleas, Philadelphia County, Pennsylvania, where the action is now pending, as provided by Title 28, United States Code, Section 1441, and hereby states the following:

1.    Plaintiff, Boris Nikolaevky, commenced this action on July 31, 2012, by filing a Complaint in the Court of Common Pleas of Philadelphia

County, Pennsylvania, captioned <u>Boris Nikolaevsky v. LA Fitness International, LLC, et al</u>, bearing docket number July Term 2012, No. 0704239 ("the State Court Action"). The State Court Action is now pending in that Court. (A copy of said State Court Action Complaint is attached as Exhibit "A.")

2.    Plaintiff served Defendant Fitness International, LLC (hereinafter "LA Fitness") with the Complaint on or about August 10, 2012, by serving a copy of said Complaint at Fitness International, LLC's corporate office, 3161 Michelson Drive, Suite 600, Irvine, CA 92612, via certified mail. Defendant was also served on or about August 10, 2012, via personal service at LA Fitness' Huntingdon Valley location. (A copy of Service of Process Transmittals for both Defendants are attached as Exhibit "B.")

3.    This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. §1446(b).

4.    The State Court action is between citizens of different states and is a civil action over which the District Courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. §1332.

5.    Specifically, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

6.    Defendant Fitness International, LLC, d/b/a LA Fitness is a California Limited Liability Company, with its principal place of business in the State of California.

7.    Prior to June 7, 2012, Fitness International, LLC was known as "LA Fitness International, LLC," which was also a California Limited Liability Company. On June 7, 2012, LA Fitness International, LLC changed its name to Fitness International, LLC.

8.    Other than the name change, the Defendant Fitness International, LLC remains the same entity as "LA Fitness International, LLC" and operates in the same manner as it did on the date of the alleged incident – August 1, 2010.

9.    "LA Fitness Sports Club" is merely a trade name of Fitness International, LLC (formerly known as "LA Fitness International, LLC").

10.    None of the members of the Limited Liability Company known as "Fitness International, LLC" (or "LA Fitness International, LLC") are citizens of the Commonwealth of Pennsylvania.

11.    Upon information and belief, the matter in controversy claimed by the Plaintiff exceeds the sum of $75,000.00, exclusive of interest and costs, computed on the following basis:

(a)    Plaintiff's Complaint alleges that on August 1, 2010, he was in the locker room of the LA Fitness in Huntingdon Valley, Pennsylvania, when the lights suddenly went out and LA Fitness employees locked the doors to the building.

(b)    Plaintiff alleges that as a result of the lights going out, he could not see where he was walking, and he slipped and fell, sustaining injury.

(c)    Plaintiff alleges that in addition to the primary diagnosis of lower back contusion/sprain, right shin contusion with subperiosteal hematoma, L4-L5 right paracentral disc herniation, mild bilateral L4-L5, that the Plaintiff sustained a severe and permanent shock to his nerves and his nervous system, which caused him and will continue to cause him great pain and agony;

(d)     Plaintiff alleges that the incident caused him great pain and humiliation.

(e)     Plaintiff's Complaint alleges that he has been compelled to spend "various sums of money" as well as incurring medical expenses;

(f)     Plaintiff's "Wherefore" clause also alleges punitive damages;

(g)     Plaintiff's Complaint alleges damages in excess of $50,000.00, which is the Arbitration limit under Pennsylvania Rules of Civil Procedure and Philadelphia County Local Rules. Moreover, Pennsylvania procedure does permit an appeal from an Arbitration award which would result in a jury trial, thereby subjecting the Defendant to a verdict in excess of the $75,000.00 jurisdictional limit.

12.     This Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, the District Court of the United States for the district within which the State Court action is pending, as required by 28 U.S.C. §1441(b) and §1446(a).

13.     Upon filing the Notice of Removal, Defendant LA Fitness shall give written notice thereof to Plaintiff's counsel, Mark Yurovsky, Esquire, Esquire, and shall file copies of this Notice of Removal with the Prothonotary for the Court of Common Pleas of Philadelphia County, Pennsylvania, pursuant to 28 U.S.C. §1446(d).

14.     By filing this Notice of Removal, Defendant LA Fitness does not waive any defenses available to it at law, in equity or otherwise.

**WHEREFORE**, Defendant Fitness International, LLC d/b/a LA Fitness, respectfully requests that the action proceed in this Court as an action properly removed to it.

Respectfully submitted,

BRIGGS LAW OFFICE, LLC

Date:  August 29, 2012          By:  _____

NORMAN W. BRIGGS, ESQUIRE
400 Market Street, Suite 730
Philadelphia, PA  19106
(215) 925-4632
Attorneys for Defendant Fitness
International, LLC d/b/a LA Fitness
Sports Club
e-mail: nbriggs@thebriggslaw.com

# EXHIBIT A

**GREG PROSMUSHKIN, P.C.**
   **Mark Yurovsky, Esquire**
   **Jeffrey J. Goldin, Esquire**
Identification No.: 84904/312689
9637 Bustleton Avenue
Philadelphia, PA 19115
(215) 673-7733

THIS IS A MAJOR MATTER
AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Attorneys for Plaintiff

| | | |
|---|---|---|
| BORIS NIKOLAEVSKY | : | |
| 237 Jacksonville Road | : | COURT OF COMMON PLEAS |
| Apt. 83D | : | |
| Hatboro, PA 19040 | : | PHILADELPHIA COUNTY |
|       Plaintiff, | : | |
|    v. | : | |
| LA FITNESS INTERNATIONAL, LLC | : | |
| d/b/a LA FITNESS SPORTS CLUB | : | |
| 2600 Michelson Drive, Suite 300 | : | |
| Irvine, CA 92612, | : | |
| | : | **TERM, 2012** |
| | : | |
| LA FITNESS SPORTS CLUB | : | |
| 2020 County Line Road | : | No.: |
| Huntingdon Valley, PA 19006 | : | |
| | : | |
|       Defendant. | : | |

## CIVIL ACTION
### (PREMISES LIABILITY - 26020)

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | La han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las pa'ginas siguientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificatio'n. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona'. Sea avisado que si usted no se defiende, la corte tomara' medidas y puede continuar la demanda en contra suya sin previo aviso o notificaci'on. Adem'as, le corte puede decidir a favor del demandamante y requiere que usted cumpla con a favor del demandante y requiere que usted comupla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE ELDINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELE'FONO A LA OFICINA CUYA DIRECCIO'N SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Philadelphia Bar Association<br>Lawyer Referral Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107<br>Telephone: (215) 238-6328 | Philadelphia Bar Association<br>Lawyer Referral Service<br>1101 Market Street, 11th floor<br>Philadelphia, Pennsylvania, 19107<br>Telefono: (215) 238-6328 |

Case ID: 120704239

**GREG PROSMUSHKIN, P.C.**
   **Mark Yurovsky, Esquire**
   **Jeffrey J. Goldin, Esquire**
Identification No.: 84904/312689
9637 Bustleton Avenue
Philadelphia, PA 19115
(215) 673-7733

THIS IS A MAJOR MATTER
AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Attorneys for Plaintiff

| | | |
|---|---|---|
| BORIS NIKOLAEVSKY | : | |
| 237 Jacksonville Road | : | COURT OF COMMON PLEAS |
| Apt. 83D | : | |
| Hatboro, PA 19040 | : | PHILADELPHIA COUNTY |
|       Plaintiff, | : | |
| | : | |
|    v. | : | |
| LA FITNESS INTERNATIONAL, LLC | : | |
| d/b/a LA FITNESS SPORTS CLUB | : | |
| 2600 Michelson Drive, Suite 300 | : | |
| Irvine, CA 92612, | : | |
| | : | **TERM, 2012** |
| | : | |
| LA FITNESS SPORTS CLUB | : | |
| 2020 County Line Road | : | **No.:** |
| Huntingdon Valley, PA 19006 | : | |
| | : | |
|       Defendant. | : | |

## COMPLAINT

1.    The Plaintiff, BORIS NIKOLAEVSKY, is an adult individual residing at 2367 Jacksonville Road, Apt. 83D, Hatboro, PA 19040.

2.    The Defendant, LA FITNESS INTERNATIONAL, LLC - D/B/A "LA FITNESS SPORTS CLUB", (hereinafter "LA Fitness) is a business entity with a main Corporate office located in 2600 Michelson Drive, Suite 300, Irvine CA 92612 and conducting business at 2020 County Line Road, Huntingdon Valley, PA 19006.

3.    At all times material hereto, Defendant LA Fitness has a registered office in Philadelphia, Pennsylvania

3.    At all times material hereto, Defendant, LA Fitness, conducts business, actively advertises and solicits patrons from Philadelphia County and surrounding counties.

Case ID: 120704239

4.      At all times material hereto, Defendant, LA Fitness, owns or jointly owns, operates and maintains the LA Fitness Gym, a property located at 2020 County Line Road, Huntingdon Valley, PA 19006.

5.      On or about August 1, 2010, at approximately 7:40 p.m., Plaintiff BORIS NIKOLAEVSKY was a business invitee, lawfully on Defendant's premises.

6.      At the same time and place, Plaintiff BORIS NIKOLAEVSKY was using the showers at Defendant LA Fitness, when suddenly and without any warning to Plaintiff whatsoever, the lights illuminating the showers area, locker rooms and exercise areas were turned off.

7.      Upon information and belief, at about the same time, employees of the Defendant LA Fitness had turned off all of the lights illuminating the showers area, locker rooms and the hallways leading to the gym's exit, exited the premises and locked the Plaintiff inside of the gym.

8.      At all times material hereto Defendant's employees, agents and servants failed to ascertain whether the Plaintiff was still inside using the showers and/or locker rooms on the premises, prior to turning on all of the illumination, locking the exit doors and activating the alarm.

9.      As a direct and proximate result of Defendants' aforementioned negligence, Plaintiff was forced to exit the showers and locker room area without any illumination, in a complete darkness.

10.      As a direct and proximate result of Defendant LA Fitness turning off the lights, Plaintiff slipped and fell onto the wet floor and injured himself.

Case ID: 120704239

11.     Plaintiff BORIS NIKOLAEVSKY slipped and fell on the wet floor that was at or about the shower area on Defendant's premises.

12.     Furthermore, Plaintiff was forced to find his way out of the Defendant's premises in a complete darkness.

13.     Furthermore, as a direct and proximate result of the Defendant's aforementioned negligence, Plaintiff was forced to leave Defendant's premises wearing his swimwear and leaving the rest of his clothing and belongings in Defendant's locker-room.

14.     Moreover, as a direct and proximate result of the Defendant's aforementioned negligence, Plaintiff, in an attempt to exit Defendant's premises, set off the security alarm activated by Defendant, causing the arrival of the police.

15.     All of the above caused Plaintiff a great deal of embarrassment and humiliation.

16.     As a direct and proximate result of the Defendant's aforementioned negligence, Plaintiff was forced to come back to the Defendant's gym the following morning to retrieve his belongings, only to find some of Plaintiff's property, specifically, Plaintiff's watch missing.

17.     Defendant was negligent in failing to properly ascertain the hazardous condition, and causing the lights to be turned off prior to ascertaining that the facility had no more patrons on the premises.

18.     At all times material hereto, Defendant through its agents and employees, owe Plaintiff and other patrons duty of care.

19.     Defendant failed in that duty, when Plaintiff slipped and fell on the wet floor in the shower area, due to Defendant's failure to ensure the facility was free of patrons.

20.     Defendant and its employees failed to notify Plaintiff and other patrons prior to turning off the illumination lights, locking the doors and activating the alarm.

## COUNT I – NEGLIGENCE

21.    Plaintiff incorporates by reference allegations contained in paragraphs 1 through 20 as if fully set out herein.

22.    The aforesaid occurrence and the injuries to Plaintiff resulting there from were caused solely, or in part, by the negligence of the Defendant LA FITNESS INTERNATIONAL, by its agents, servants, workmen and/or employees acting in the course and scope of employment for same, and consisted of the following:

   a)  Causing and/or permitting the aforesaid area to become and remain unsafe lit;

   b)  Failing to properly and adequately maintain the aforesaid area;

   c)  Failing to properly and adequately inspect the aforesaid area to ascertain the existence of patrons on premises prior to shutting off the lights;

   d)  Causing and/or permitting the unsafe conditions to become and remain in the aforesaid area;

   e)  Failing to warn patrons and the general public of the turning off the lights, locking the doors and activating security alarm prior to doing so; and

   f)  Failing to properly remove notify all patrons that lights would be turned off at a certain time.

23.    Solely as a result of the aforesaid negligence, Plaintiff was caused to suffer various physical injuries, including, but not limited to: lower back contusion/sprain, right shin contusion with subperiosteal hematoma; L4-L5 right paracentral disc herniation; mild bilateral L4-L5 and L5 forminal stenosis; mild L4-L5 central canal stenosis.

24.    Further, Plaintiff incurred a severe shock to his nerves and nervous system, great physical pain, and mental distress and anguish, all of which may continue for an indefinite time

Case ID: 120704239

in the future.

25.     Further, Plaintiff has been compelled to expend various sums of money in attempting to alleviate and cure the aforesaid injuries, and was prevented from attending to his usual duties and believes that he may in the future be prevented from attending to his usual duties, all to his great financial loss.

26.     As a direct and reasonable result of this aforementioned accident, Plaintiff has or may hereafter incur loss of personal property, other financial expenses or losses which do or may exceed an amount which he may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment against Defendant for an amount greater than Fifty Thousand Dollars ($50,000.00), plus costs, delay damages, interest, and any other relief that this Court deems just.


## COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27.     Plaintiff incorporates by reference allegations contained in paragraphs 1 through 26 as if fully set out herein.

28.     As a direct and proximate result of defendants' aforesaid negligent conduct, plaintiffs have suffered extreme and debilitating mental anguish and emotional distress (and associated physical manifestations and injuries), and will continue to so suffer for an indefinite period of time in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for an amount greater than Fifty Thousand Dollars ($50,000.00), plus costs, delay damages, interest, and any other relief that this Court deems just.

Case ID: 120704239

## COUNT III – FALSE IMPRISONMENT

29.    Plaintiff incorporates by reference allegations contained in paragraphs 1 through 28 as if fully set out herein.

30.    At all times material hereto, Plaintiff was a business invitee of Defendant's, lawfully on premises.

31.    By turning the lights off, locking the premises and activating security alarm, Defendant and its employees unlawfully and falsely held and detained plaintiff against his will and consent, placed him under arrest, and falsely and maliciously detained and imprisoned Plaintiff on Defendant's premises.

32.    As a result of the aforementioned acts by Defendant, Plaintiff was apprehended and questioned by the police all to Plaintiff's great embarrassment and humiliation.

**WHEREFORE**, Plaintiff demands judgment against Defendant for an amount greater than Fifty Thousand Dollars ($50,000.00), plus costs, delay damages, interest, and any other relief that this Court deems just.

By: _____
        MARK YUROVSKY, ESQUIRE
        JEFFREY J. GOLDIN, ESQUIRE
        Attorney for Plaintiff

Case ID: 120704239

## VERIFICATION

I, Mark Yurovsky, Esquire, hereby state that I represent Plaintiff in the within action, and as such, am authorized to make this Verification on her behalf. I verify that the statements made in the foregoing Response to Defendant's Preliminary Objections are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements made therein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
MARK YUROVSKY, ESQUIRE

Dated: 7/30/12 _____

Case ID: 120704239

# EXHIBIT B

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COURT OF COMMON PLEAS OF PHILADELPHIA

CIVIL TRIAL DIVISION

Boris Nikolaevsky

Plaintiff(s)

vs.

LA Fitness International, LLC

d/b/a LA Fitness Sports Club

Defendant(s)

Court Term July , 2012
(month)    (year)

& No. 004239

## AFFIDAVIT OF SERVICE

I, Sherien Copes _____, hereby certify that on 08/10/2012 ____

a copy of the following:

☐ Notice of Appeal

☑ Complaint / Statement of Claim

☐ Rule to File Complaint

was served upon the following:

☐ Plaintiff(s): _____

☑ Defendant(s): LA Fitness International ____

☐ Municipal Court Administration

by the following method:

☑ Certified Mail

☐ Regular Mail

☐ Personal Delivery

_Sherien A. Copes_
(Signature)

_Sherien A. Copes_
(Print Name)

10-289

Case ID: 120704239

Case ID: 120704239



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LA Fitness International, LLC
D/B/A LA Fitness Sports Club
2600 Michelson Drive
Suite 300
Irvine, CA 92612

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

LA FITNESS INTERNATIONAL, LLC
2600 MICHELSON DR. SUITE 600
IRVINE, CA 92612

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7011 0110 0002 4044 5501

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COURT OF COMMON PLEAS OF PHILADELPHIA

CIVIL TRIAL DIVISION

Boris Nikolaevsky

_____

_____

**Plaintiff(s)**

vs.

LA Fitness Sports Club, et. al

_____

_____

**Defendant(s)**

| | | |
|---|---|---|
| Court Term | July | 2012 |
| | (month) | (year) |
| & No. | 004239 | |

## AFFIDAVIT OF SERVICE

I Sherlen Copes _____, hereby certify that on  08/10/2012

a copy of the following:

- ☐ Notice of Appeal
- ☑ Complaint / Statement of Claim
- ☐ Rule to File Complaint

was served upon the following:

- ☐ Plaintiff(s): _____
- ☑ Defendant(s): ~~LA Fitness Sports Club~~
- ☐ Municipal Court Administration

by the following method:

- ☐ Certified Mail
- ☐ Regular Mail
- ☑ Personal Delivery

_Sherlen Copes_
(Signature)

_Sherlen Copes_
(Print Name)

10-289

Case ID: 120704239

*1201109S*

# MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
## ORDER FOR SERVICE

(Please prepare a separate request for service form for each defendant to be served by the Sheriff)

To: Sheriff Eileen Whalon Behr                          Date: 8/01/12
Montgomery County Courthouse
P.O. Box 311                                            Prothonotary No. 1207-4239
Norristown Pennsylvania 19404-0311
Phone: 610-278-3331    Fax 610-278-3832                 Sheriff Cost: $43.00

Process Served Under PA R.C.P. 400.1(a)(2)

| Attorney's Or Plaintiff's Name and Address: | X | Civil Action | | Writ of Execution Levy |
|---|---|---|---|---|
| Mark Yurovsky, Esq. | | Confessed Judgment | | Writ of Execution Attachment |
| Greg Prosmushkin, P.C. | | Complaint in Ejectment | | Writ of Execution Garnishee |
| 9637 Bustleton Ave. | | Posting | | Writ of Seizure |
| Philadelphia, PA 19115 | | Writ of Possession | | Impoundment |
| ATTY. ID# 84904    Telephone: 215-673-7733 | | Other: | | Court Order: |

| | FOR SHERIFF USE ONLY    SHERIFF'S RETURN |
|---|---|
| Boris Nikolaevsky | PERSON SERVED *Nicole B 4in Bridge* |
| Vs.    PLAINTIFF | RELATIONSHIP/POSITION *PIC* |
| LA Fitness Sports Club, et. al. | PLACE OF SERVICE *AS Given* |
| | DATE OF SERVICE *8-10-12* |
| DEFENDANT | TIME OF SERVICE *0850* |
| Service Upon: LA Fitness Sports Club | NUMBER OF ATTEMPTS *1* |
| LOCATION (MUST HAVE VALID ADDRESS OR DIRECTIONS) | DEPUTY *Bowl* |
| 2020 County Line Road | DEPUTY |
| Huntingdon Valley, PA 19006 | LAST DAY FOR SERVICE *8-30-12* |

### SERVICE NOT MADE BECAUSE:

| DATE: | TIME: | DEPUTY: | DEPUTY: |
|---|---|---|---|
| NO SERVICE | BAD ADDRESS | UNKNOWN ADDRESS | NEED BETTER ADDRESS |
| MOVED | BUILDING VACANT | ADDRESS OUT OF COUNTY | OTHER |

### POSSESSION TAKEN:

| DATE: | TIME: | DEPUTY: | DEPUTY: |
|---|---|---|---|
| ATTEMPTED SERVICE DATE &TIME | | | |

| | SUPERVISOR APPROVAL |
|---|---|

Case ID: 120704239